UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 09-CR-147

QIAN L COLLINS,

        Defendant.

DECISION AND ORDER OVERRULING THE DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION (Doc. # 46); ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION (DOC. # 45); AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE (DOC. # 17)

The defendant, Qian Collins, filed a motion to suppress physical evidence and requested an evidentiary hearing. In his motion, Collins challenges police officers' search of the vehicle in which he was riding and an order barring introduction of the firearm that was found. The government argues that Collins lacks standing to challenge the search of the vehicle because he did not own the vehicle and was not driving the vehicle at the time it was pulled over. Further, the government maintains that the driver of the vehicle gave consent for police to conduct the search.

The matter was referred to Magistrate Judge Patricia J. Gorence and an evidentiary hearing was held. At the hearing, testimony was taken from Milwaukee Police Officer Dwight McBride and Edjuan Haywood. Officer McBride was one of the officers that pulled the vehicle over and conducted the search. Haywood was driving the vehicle, which belonged to his sister.

On April 9, 2010, Judge Gorence issued a Recommendation that this court deny Collins's motion to suppress. In the Recommendation, Judge Gorence concluded that pursuant to *Rawlings v. Kentucky*, 448 U.S. 98, 104-06 (1980), and *Rakas v. Illinois*, 439 U.S.

128, 148-49 (1978), "the defendant must show that he had a legitimate expectation of privacy in the vehicle searched or the property seized." (Rec. 6.) Because Collins did not assert any property or possessory interest in the vehicle or the firearm found during the search of the vehicle, Judge Gorence concluded that Collins failed to meet threshold requirements for challenging the search. In so holding, Judge Gorence rejected Collins's assertion that *Brendlin v. California*, 551 U.S. 249 (2007), provides grounds for a passenger in Collins's situation to challenge the search under these circumstances. She noted that although *Brendlin* holds that a passenger may challenge the constitutionality of traffic stop because the stop entails a seizure of the vehicle's occupants, Collins does not dispute that the initial traffic stop in this case was based on probable cause. Judge Gorence went on to find that the officer's actions subsequent to the stop were reasonable. Assuming Collins could properly challenge the search, Judge Gorence concluded that the motion should be denied because testimony indicated that Haywood gave consent for police to search the vehicle. Judge Gorence discussed the conflicting testimony presented by Officer McBride and Haywood and determined that Officer McBride's version of events was more credible.

        The defendant timely filed an objection to the Recommendation, which is now before the court. On dispositive matters, including motions to suppress evidence, a magistrate judge may only propose findings and make recommendations. Fed. R. Crim. P. 59(b)(1). A district court must review de novo the recommendations of the magistrate judge to which a party timely objects. Fed. R. Crim. P. 59(b)(2), (3).

        Collins first objects the conclusion that he lacks standing to challenge the search of the vehicle. He asserts that Judge Gorence erred in rejecting his argument that he may properly challenge the search of the vehicle because *Brendlin v. California* "modifies" *Rakas*

*v. Illinois* on this point. (Obj. 1[1].) However, Collins provides no argument that Judge Gorence's analysis of the applicable law and facts was incorrect, and it is otherwise not clear how *Brendlin* assists him under the circumstances. (*Id*.) Collins does not challenge Judge Gorence's determinations that the initial traffic stop was based on probable cause, that the officers' subsequent actions were reasonable under the circumstances, and that he did not have a legitimate expectation of privacy as a passenger in the vehicle. Upon review of the materials submitted, the court concurs with Judge Gorence. *See generally United States v. Moody*, 564 F.3d 754, 762 (7th Cir. 2009) (noting that because "*Brendlin* does not explicitly overrule *Rakas*, . . . there is no change in the basic Fourth Amendment analysis that led to *Rakas*").

Second, Collins objects to Judge Gorence's credibility determination that Haywood gave consent for the search. However, he provides no basis for this court to reach a different conclusion. Upon review of the record, the court finds that Judge Gorence's credibility determination was not clearly erroneous and that there are no grounds for upsetting her ruling.

---

[1] The entirety of Collins argument on this point is "Mr. Collins objects to the Magistrate Judge's conclusion that *Brendlin v. California*, 551 U.S. 249 (2007) did not modify the previous decisions in *Rawlings v. Kentucky,* 448 U.S. 98 (1980) and *Rakas v. Illinois*, 439 U.S. 128 (1978). This issue was been briefed extensively by the parties in their previous submissions." However, it is not clear what parts of the "previous submissions" Collins is pointing to—a quick review of his post-hearing brief to Judge Gorence indicates that he never argued this particular point. (*See* Doc. # 44.) The court is therefore left to guess what aspects of the Recommendation Collins is challenging and on what grounds. For these reasons, courts in this district have warned defendants against presenting "general objections" to a magistrate judge's recommendation. *See United States v. Salahuddin*, 607 F. Supp. 2d 930 (E.D. Wis.) *vacated on other grounds by In re United States*, 572 F.3d 301 (7th Cir. 2009); *United States v. O'Neill,* 27 F. Supp. 2d 1121 (E.D.Wis. 1998). In any event, this court has reviewed the materials in the record pursuant to Federal Rule of Criminal Procedure 59(b), and adopts the magistrate judge's recommendation.

Now, therefore,

IT IS ORDERED that the defendant's objection to the magistrate judge's recommendation (Doc. # 46) is overruled.

IT IS FURTHER ORDERED that the magistrate judge's recommendation (Doc. # 45) is adopted.

IT IS FURTHER ORDERED that the defendant's motion to suppress evidence (Doc. # 17) is denied.

IT IS FURTHER ORDERED that a final pretrial conference in this matter is set for July 14, 2010 at 10:30 a.m. and a jury trial is set for July 19, 2010 at 8:30 a.m.

Dated at Milwaukee, Wisconsin, this 2nd day of June, 2010.

BY THE COURT

s/ C.N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE